UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN HALL,

           Plaintiff,

      v.                                      Case No. 25-CV-1674

CAPT. SCARDINO, LT. MISTRETTA,
LT. RABIDEAUX, CO BARRY,
CO EWER, and DEPUTY LINSCOTT,

           Defendants.

## SCREENING ORDER

Plaintiff Stephen Hall filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On December 15, 2025, the Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 18 and 20 but gave Plaintiff an opportunity to file an amended complaint that only contained related claims and defendants. Dkt. No. 8. Plaintiff filed an amended complaint on January 30, 2026. Dkt. No. 11.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

At all relevant times, Plaintiff was housed at the Waukesha County Jail. On September 25, 2024, at approximately 9:00 p.m., Deputy Linscott escorted Plaintiff to Waukesha Memorial Hospital. At the hospital, Plaintiff underwent an x-ray of his right hand. Plaintiff was diagnosed with a broken wrist. He was given a prescription for Tylenol and ibuprofen and a hard brace for his wrist. Am. Compl. ¶¶ 11–12, Dkt. No. 11.

2

Once Plaintiff returned to the Jail, Correctional Officers Ewer and Barry booked Plaintiff into the Jail. Plaintiff was handcuffed to a belly chain and shackled at the feet. CO Barry removed Plaintiff's leg restraints, belly chain, and handcuffs. Plaintiff was positioned with his hands up against a black mat on the wall, and CO Barry began a pat-down search of Plaintiff. During the search, CO Barry "bladed" Plaintiff's buttocks. Plaintiff explains that "blading" is when a "hand, thumb side up, pinky side down, is swiped up the buttocks." Plaintiff told Defendants there was "no need to do that," and that if CO Barry did it again, Plaintiff would file a Prisoner Rape Elimination Act complaint against him. CO Barry responded that he was conducting a proper search and bladed Plaintiff's buttocks two more times. Plaintiff alleges that CO Barry's thumb, index finger, or both grazed or touched Plaintiff's anus at least one of those times. *Id.* ¶¶ 14–19.

Plaintiff, while very agitated, turned around and told CO Ewer and CO Barry that he would not be cooperating with any more searches until they got their supervisor or a lieutenant. CO Ewer screamed at Plaintiff, "Turn the fuck around now! Turn around now!" Plaintiff repeated that he wanted to talk to their supervisor or a lieutenant. CO Ewer became agitated and reached for Plaintiff's right hand (the hand with the brace on it). Plaintiff took a step back and moved his hand away from CO Ewer. CO Ewer threw his elbow at Plaintiff's face, which Plaintiff deflected with his left hand. *Id.* ¶¶ 20–23.

CO Barry then grabbed Plaintiff by the neck and put him in a headlock, cutting off Plaintiff's air flow. CO Ewer began punching Plaintiff almost a dozen times in the lower back and pushed Plaintiff into CO Barry, who was still holding onto Plaintiff's neck. CO Barry lost his balance and fell into the corner of the wall while holding Plaintiff in a headlock. Plaintiff tried to resist the takedown but hit the ground. *Id.* ¶ 24.

3

Deputy Linscott ran over and grabbed Plaintiff's left hand. At that point, Plaintiff was on his stomach, was lying face down, and remained in the headlock. Deputy Linscott pulled Plaintiff's hand backwards and then up toward his head. Deputy Linscott put his knee on Plaintiff's head. Plaintiff screamed, but Deputy Linscott did not let up. Lt. Rabideaux, Lt. Mistretta, and other correctional officers entered the booking area. Lt. Rabideaux held a taser at the back of Plaintiff's head and told him to stop resisting. Plaintiff screamed, "My shoulder! Get off my fucking shoulder!" In response, Deputy Linscott loosened the tension that he applied but did not let go. *Id.* ¶¶ 26–27.

Lt. Rabideaux and Lt. Mistretta made the decision to place Plaintiff in a restraint chair. Plaintiff was placed in a restraint chair and wheeled to another cell where he stayed from 11:00 p.m. to 1:00 a.m. Shortly after Plaintiff was placed in the chair, he stated that he was in pain because the restraint chair was too tight. Lt. Mistretta responded, "Shut up. That's what you get for resisting." Plaintiff asserts that he was not allowed to be seen by medical staff. Plaintiff told the guards he was in excruciating pain, to no avail. At approximately 12:00 a.m., Plaintiff stated that he needed to go to the bathroom but was told he needed to hold it. Captain Scardino decided to keep Plaintiff in the restraint chair, even though Plaintiff had not demonstrated any further form of resistance. At approximately 1:00 a.m., Plaintiff was taken out of the restraint chair and escorted to his assigned cell. Plaintiff seeks monetary damages and a declaration that Defendants violated Plaintiff's rights. *Id.* ¶¶ 28–32, 36, 40–42.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

4

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff alleges that Defendants violated his constitutional rights. It is unclear whether Plaintiff's claims arise under the Eighth or Fourteenth Amendment to the United States Constitution, as it is unclear whether Plaintiff was a pretrial detainee or a prisoner at the time. *See Estate of Clark v. Walker*, 865 F.3d 544, 546 n.1 (7th Cir. 2017). Plaintiff states a claim under either standard.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted). The "central question" when evaluating whether force used against a prisoner is excessive in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). At this stage in the proceedings, Plaintiff's allegations are sufficient to state an excessive force claim against Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, and Deputy Linscott.

Prisoners also "have a clearly established Eighth Amendment right to be free from sexual abuse." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (7th Cir. 2012) (cleaned up). The Seventh Circuit has explained that, when a prisoner alleges sexual abuse by a prison official, "the prisoner is entitled to a presumption that the conduct was not consensual." *Id.* at 1049. Based on Plaintiff's allegations that CO Barry's thumb, index finger, or both grazed or touched Plaintiff's anus during a pat search, the Court will allow Plaintiff to proceed on this Eighth Amendment claim against CO Barry.

In addition, Plaintiff asserts that Defendants did not allow Plaintiff to be seen by medical staff, even though he was in excruciating pain. A prison official violates the Eighth Amendment's

5

prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Based on the allegations contained in the complaint, Plaintiff may proceed on a deliberate indifference claim against Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, Deputy Linscott, and Captain Scardino.

Plaintiff further asserts that Lt. Rabideaux, Lt. Mistretta, and Captain Scardino's decision to place him in a restraint chair for a couple of hours constituted cruel and unusual punishment. "[S]ome form of temporary restraint may be necessary against those who pose a threat to themselves and others." *French v. Owens*, 777 F.2d 1250, 1253–54 (7th Cir. 1985) (citations omitted). "Where a prison security measure is undertaken to resolve a disturbance . . . we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (quotation marks and citation omitted). Plaintiff alleges there was no justified

reason to keep him in the restraint chair for two hours. Therefore, Plaintiff has stated an Eighth Amendment claim on this basis as well.

A pretrial detainee's claim arises under the Due Process Clause of the Fourteenth Amendment. *See Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). The Court asks whether Plaintiff's alleged conditions were "objectively unreasonable and 'excessive in relation to' any legitimate non-punitive purpose." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Plaintiff may proceed under the Fourteenth Amendment based on his allegations that Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, and Deputy Linscott used excessive force against him; CO Barry's thumb, index finger, or both grazed or touched Plaintiff's anus during a pat search; Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, Deputy Linscott, and Captain Scardino did not allow Plaintiff to be seen by medical staff, even though he was in excruciating pain; and Lt. Rabideaux, Lt. Mistretta, and Captain Scardino had no justified reason to keep him in a restraint chair for two hours.

## CONCLUSION

The Court finds that Plaintiff may proceed on claims under the Eighth or Fourteenth Amendment (depending on whether Plaintiff was a pretrial detainee or convicted of a crime) based on his allegations that Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, and Deputy Linscott used excessive force against him; CO Barry's thumb, index finger, or both grazed or touched Plaintiff's anus during a pat search; Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, Deputy Linscott, and Captain Scardino did not allow Plaintiff to be seen by medical staff, even though he was in excruciating pain; and Lt. Rabideaux, Lt. Mistretta, and Captain Scardino had no justified reason to keep him in a restraint chair for two hours.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, Deputy Linscott, and Captain Scardino pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, Deputy Linscott, and Captain Scardino shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on February 3, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge