STEPHEN HALL,

      Plaintiff,

      v.                              Case No. 25-CV-1674

CAPT. SCARDINO,
LT. MISTRETTA,
LT. RABIDEAUX,
CO BARRY,
CO EWER, and
DEPUTY LINSCOTT,

      Defendants.

## ORDER

Plaintiff Stephen Hall, who is currently incarcerated at Waupun Correctional Institution, is representing himself in this 42 U.S.C. § 1983 case. The discovery deadline is September 21, 2026, and the dispositive motion deadline is October 21, 2026. On June 22, 2026, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the available administrative remedies before filing this lawsuit. (ECF No. 27.) Plaintiff's response to the motion for summary judgment is currently due July 22, 2026. This matter comes before the Court on Plaintiff's motion for an extension of time or to stay his deadline to respond to Defendants' motion for summary judgment. (ECF No. 35.)

Plaintiff states that he is currently housed in the Restricted Housing Unit, so he has limited access to the law library. He asserts that he submitted his first request for interrogatories and request for production of documents on June 23, 2026, and has not yet received a response. Plaintiff asserts that Defendants' exhibits appear to be improperly redacted, and he cannot read

them. He states that he will be released from the Restricted Housing Unit on July 21, 2026. Plaintiff requests that the Court either stay his deadline to respond to the motion for summary judgment or extend his time to respond to September 14, 2026. (*Id.*)

The Court will partially grant Plaintiff's motion. The Court will stay the deadlines for discovery on the merits and the filing of motions for summary judgment on the merits pending a decision on Defendants' motion for summary judgment on exhaustion grounds. All Plaintiff must do at this point in the proceedings is respond to Defendants' motion for summary judgment based on his failure to exhaust administrative remedies. The issue raised in Defendants' motion for summary judgment is narrow and will turn on Plaintiff's personal knowledge of what actions he took to exhaust administrative remedies before he filed this lawsuit. The Court nevertheless agrees that Defendants' Exhibit 3 (ECF No. 30-3), the copies of Plaintiff's grievances, is indecipherable. Within 14 days of the date of this order, Defendants must refile a copy of Exhibit 3. The Court will extend Plaintiff's deadline to respond to Defendants' motion for summary judgment on exhaustion grounds to August 26, 2026.

**IT IS THEREFORE ORDERED** that the deadlines for discovery on the merits and the filing of motions for summary judgment on the merits are **STAYED** pending a decision on Defendants' motion for summary judgment on exhaustion grounds.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time and to stay the summary judgment response deadline (ECF No. 35) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's request to stay his summary judgment response deadline is denied. Plaintiff's deadline to respond to Defendants' motion for summary judgment on exhaustion grounds is extended to **August 26, 2026**. If Plaintiff does not file his response materials or request

2

additional time to do so by the deadline, the Court will assume all facts asserted by Defendants to be true and will decide the motion without Plaintiff's input.

**IT IS FURTHER ORDERED** that, within 14 days of the date of this order, Defendants must refile a copy of Exhibit 3 (ECF No. 30-3).

Dated at Green Bay, Wisconsin on July 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

3