UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHEN HALL,

Plaintiff,

v. Case No. 25-CV-1674

CAPT. SCARDINO et al.,

Defendants.

---

**ORDER**

---

Plaintiff Stephen Hall is currently incarcerated at Waupun Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. On November 3, 2026, the Court granted Plaintiff's motion to amend and allowed Plaintiff to proceed on the following claims: claims under the Eighth or Fourteenth Amendment (depending on whether he was a pretrial detainee or convicted of a crime at the time of the incident) based on his allegations that Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, and Deputy Linscott used excessive force against him; CO Barry's thumb, index finger, or both improperly grazed or touched Plaintiff's anus during a pat search; Lt. Mistretta, Lt. Rabideaux, CO Barry, CO Ewer, Deputy Linscott, and Captain Scardino did not allow Plaintiff to be seen by medical staff, even though he was in excruciating pain; and Lt. Rabideaux, Lt. Mistretta, and Captain Scardino had no justified reason to keep him in a restraint chair for two hours as well as a claim under the First Amendment against CO Ewer based on allegations that CO Ewer used excessive force because Plaintiff filed a grievance against CO Ewer and indicated he wanted to press charges against him. (ECF No. 64.) This matter comes before

the Court on Plaintiff's motion to reinstate the County defendants. (ECF No. 67.) The Court construes Plaintiff's motion as a motion for reconsideration.

Plaintiff's motion for reconsideration comes under Rule 54(b) of the Federal Rules of Civil Procedure. In the context of multi-claim or multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Plaintiff requests that the Court allow him to proceed on *Monell* claims against Waukesha County, Sheriff Eric Severson, Jail Administrator Amy Vaughn, and Deputy Jail Administrator Tracy Lewandowski. Essentially, Plaintiff disagrees with the Court's analysis and conclusion. The Court has reviewed its November 3, 2026, order, Plaintiff's motion, and the amended complaint and concludes that there is no basis to alter the decision. Accordingly, Plaintiff's motion to reinstate the County defendants (ECF No. 67), which the Court construes as a motion for reconsideration, is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin on November 25, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge